J-S82031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VANCE DAWSON, | |
| Appellant | No. 258 MDA 2016 |

Appeal from the PCRA Order December 21, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0001236-2013

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 28, 2016**

Appellant, Vance Dawson, appeals from the order of December 21, 2015,[1] which dismissed, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has filed a petition to withdraw.[2]  For the reasons discussed below, we grant counsel's request to withdraw and affirm the dismissal of the PCRA petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed his *pro se* notice of appeal on February 1, 2016.  At that time, the PCRA court had not entered the December 21, 2015 order disposing of the petition on the docket.  By order of March 4, 2016, this Court directed the PCRA court to enter the December 21, 2015 order on the docket.  The PCRA court complied.

[2] Counsel mistakenly filed a " No Merit/Turner Finley Brief" comparable to a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  However, a
*(Footnote Continued Next Page)*

On January 13, 2014, Appellant entered a counseled negotiated guilty plea to two counts each of possession with intent to deliver a controlled substance (PWID)[3] and criminal conspiracy,[4] and one count of criminal use of a communication facility.[5]  In return for the plea, the Commonwealth agreed to withdraw the remaining eleven charges and the parties agreed to an aggregate, concurrent standard-range sentence of not less than two nor more than four years of imprisonment.  (***See*** N.T. Guilty Plea Hearing, 1/13/14, at 8-9).  The parties agreed that the sentence included a mandatory minimum sentence on one count of PWID.  (***See id.*** at 9).

On February 28, 2014, the trial court sentenced Appellant in accordance with the terms of the negotiated guilty plea.  (***See*** N.T. Sentencing, 2/28/14, at 10).  At sentencing, the Commonwealth stated the mandatory minimum sentence made no difference in the sentencing scheme because Appellant's prior record score put him in the two-year sentence

*(Footnote Continued)* ——————————

***Turner***/***Finley*** no-merit letter is the correct filing.  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief instead of a ***Turner***/***Finley*** letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S.A. § 903.

[5] 18 Pa.C.S.A. § 7512(a).

range. (**See id.** at 6). Appellant did not file any post-sentence motions, never sought to withdraw his guilty plea, and did not file a direct appeal.

On December 4, 2014, Appellant, acting *pro se*, filed a PCRA petition alleging ineffective assistance of plea counsel and that his sentence was illegal pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). (**See** Petition for Post Conviction Relief, 12/04/14, at 5-8). The PCRA court subsequently appointed counsel.

On December 21, 2015, the PCRA court held an evidentiary hearing. At the hearing, the parties agreed that Appellant "has an absolute right to be fully resentenced" under **Alleyne**. (N.T. PCRA Hearing, 12/21/15, at 3). However, PCRA counsel noted that, because of his prior record score, resentencing would not "really help him." (**Id.** at 2). Moreover, counsel stated that Appellant was concerned that a resentencing might have a negative impact because of a pending hearing on a parole violation, the possible loss of credit for some time served, and a disruption of some his programming in prison. (**See id.** at 2-3).

Because of this, Appellant agreed, on the record, that he wished to drop all other issues raised in the PCRA petition and just have the original sentencing order amended to remove the world "mandatory." (**Id.** 4; **see id.** at 4-5). The Commonwealth also agreed, noting that because of Appellant's prior record score, the original minimum guideline sentence was the same as the mandatory minimum sentence he had received. (**See id.** at

- 3 -

5).  Thus, in accordance with the agreement of the parties, the PCRA court issued an order amending the original sentencing order to remove any reference to the term "mandatory," and otherwise dismissed the PCRA petition.  (**See id.** at 6-7; **see** Order, 12/21/15).

On February 1, 2016, Appellant filed a *pro se* notice of appeal, which the PCRA court deemed timely filed under the prisoner mailbox rule.[6]  On March 16, 2016, the PCRA court scheduled a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if the Appellant wished to waive his right to counsel on appeal.  On April 4, 2016, the PCRA court appointed new counsel.  On April 8, 2016, the court directed Appellant to file a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  On April 26, 2016, appellate counsel requested an extension of time, which the PCRA court granted.  On May 10, 2016, Appellant filed a timely Rule 1925(b) statement.  **See id.**  On June 28, 2016, the PCRA court issued an opinion.  **See** Pa.R.A.P. 1925(a).

On August 15, 2016, counsel filed a petition to withdraw in this Court. On August 22, 2016, Appellant filed a *pro se* response.

---

[6] "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted).

On appeal, the **Turner**/**Finley** brief raises the following question for our review.

> I. Whether the [PCRA] court abused its discretion in resentencing the Appellant to a mandatory sentence when he believed he had entered into an agreement for a sentence of [not less than eighteen nor more than thirty-six months of incarceration?]

(**Turner**/**Finley** Brief, at 1).

In his *pro se* filing, Appellant appears to argue that his guilty plea was unlawfully induced because he had a meritorious suppression issue. (**See** Motion for Leave to Amend Appellant's Brief, 8/22/16, at 1-4).

Appellant's court-appointed counsel has petitioned this Court for permission to withdraw and has submitted a **Turner/Finley**-compliant brief, as is required for counsel seeking to withdraw on appeal of the denial of a PCRA petition. Court-appointed counsel who seek to withdraw from representing an appellant on appeal of a denial of a PCRA petition on the basis that the appeal lacks merit must review the case zealously. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

> **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Id.* (citations omitted). Here, counsel has substantially complied with the dictates of **Turner/Finley**.

When this Court receives a **Turner**/**Finley** brief, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to withdraw. **See id.** We will grant the petition to withdraw if we agree with counsel that the petition is meritless. **See id.**

Appellant appeals from the dismissal of his PCRA petition. Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). Moreover, to be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

In the **Turner**/**Finley** brief, counsel challenges the discretionary aspects of sentence,[7] claiming that Appellant was not sentenced in accordance to the terms of the plea agreement, which he believed was for an aggregate sentence of not less than eighteen nor more than thirty-six months of incarceration. (**See Turner**/**Finley** brief, at 7). In his *pro se* response, Appellant claims that his guilty plea was coerced because he had a meritorious suppression issue. (**See** Motion for Leave to Amend Appellant's Brief, 8/22/16, at 4).

Prior to addressing the merits of the claims, we must decide if they are properly before us. As we stated above, in order to be eligible for PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2); **see also Commonwealth v. Ligons**, 971 A.2d 1125, 1137 (Pa. 2009). A claim is waived if "the petitioner could have raised it but failed to do so before trial,

---

[7] We note that counsel mischaracterizes the nature of Appellant's complaint. A claim of a breach of a plea agreement does not implicate the discretionary aspects of sentence. **See Commonwealth v. Parsons**, 969 A.2d 1259, 1270 (Pa. Super. 2009) (*en banc*), *appeal denied*, 982 A.2d 1228 (Pa. 2009).

at trial, during unitary review, **on appeal** or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b) (emphasis added).

The record in the case *sub judice* establishes that Appellant did not file a direct appeal. Appellant should have raised the issues herein on direct appeal. Thus, Appellant's claims are waived. ***See Ligons***, ***supra***, at 1137.

Moreover, it is long settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (finding five issues not in original or amended PCRA petition waived). Also, as amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* ***Commonwealth v. Burton***, 973 A.2d 428, 430 (Pa. Super. 2009). Further, an appellant cannot raise issues for the first time in a Rule 1925(b) statement. ***See Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived). Lastly, an appellant cannot raise a subject for the first time on appeal. ***See Commonwealth v. Hanford***, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a).

In the instant matter, the only issues raised in Appellant's PCRA petition were a claim of an illegal sentence and a claim of ineffective assistance of counsel. (*See* Petition for Post Conviction Relief, 12/04/14, at 1-8). Appellant based both claims upon the United States Supreme Court's decision in *Alleyne*, *supra*. (*See id.*). Appellant first raised the claim that he was not sentenced in accordance with the terms of the plea agreement in his Rule 1925(b) statement. (*See* Statement of [Errors] Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 5/10/16, at 1). Appellant did not raise the claim that his guilty plea was unlawfully coerced until he filed his *pro se* response to counsel's *Turner*/*Finley* brief. (*See* Motion for Leave to Amend Appellant's Brief, 8/22/16, at 4). Thus, Appellant waived all his claims on appeal for these reasons as well and we therefore affirm the trial court's dismissal of his PCRA petition.

Appellant's issues are waived. Further, this Court has conducted an independent review of the record as required by *Turner*/*Finley* and finds that no meritorious issues exist.

Motion to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2016

- 9 -